(35 Misc. Rep. 296.)

### HUHNA v. THELLER.

(Supreme Court, Appellate Term.   June, 1901.)

**1. FUNERAL EXPENSES—LIABILITY OF ESTATE.**
    Where deceased leaves property, resort should first be had to it to recover for funeral expenses.

**2. .SAME—EVIDENCE.**
    In an action by an undertaker to recover on alleged contract with defendant to pay the funeral charges of one by whom he had been adopted,

defendant can show that deceased left an estate which is primarily liable.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Anthony Huhna against Cornell A. Theller. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Lansing & Roake, for appellant.

George Malraison, for respondent.

PER CURIAM. This is an action by an undertaker to recover the charges connected with the funeral of one Arnold Theller, to whom the defendant bore the relation of an adopted son. It appears that the defendant called at plaintiff's place of business, and notified plaintiff's employé to go up to the house in which the deceased had died. On the next day defendant gave plaintiff instructions as to what sort of a funeral he wished to have. Arnold Theller, the deceased, was not living with the defendant, but with friends named Hahn. On the trial the defendant made repeated offers to show that Arnold Theller, the deceased, had left an estate. All those offers were rejected, and in this we think error was committed. Funeral charges are primarily a charge against the estate of a deceased person, and, where such an estate is left, resort should first be had to it. Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384. It was therefore pertinent to show that the deceased had left an estate out of which recovery could be had. It was claimed on the part of the defendant that he engaged the undertaker at the request of, and as the representative or agent of, the Hahns, in whose house the decedent had died. To sustain this defense, defendant was asked as to any conversation with either of them before he went to engage the undertaker. This evidence was excluded. Near the close of the trial the justice himself called Mrs. Hahn to the witness stand, and questioned her about the very conversation concerning which he had refused to permit the defendant to testify. It may be that the defendant made himself personally liable to plaintiff in the event that the deceased left no estate, or that for any reason the bill could not have been collected out of the estate. The plaintiff should, however, have first resorted to the estate, if there was any, and have shown why he had not collected from that source.

Judgment reversed, and new trial ordered, with costs to abide the event.